IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY HOWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-CV-289-SMY |
| LOCAL 773 LABORERS INTERNATIONAL UNION OF NORTH AMERICA, | ) ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Howell claims he was discriminated against by his employer, Local 773 Laborers International Union of North America ("Local 773") on account of his age and disability, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Now before the Court is Defendant Local 773's Motion to Dismiss (Doc. 9) and Howell's response (Doc. 13). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

### Background

According to the Complaint (Doc. 1), Howell was employed as a labor organizer until the termination of his employment on February 4, 2018. The next day, he filed a Charge of Discrimination with the EEOC (numbered 440-2018-02879) alleging retaliation and disability discrimination because his employment was terminated after he took medical leave due to a disability (Doc. 11, p. 5). He was issued a Notice of Right to Sue by the EEOC on February 14, 2018 ("2879 Notice") (Doc. 11, p. 2).

Howell then filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") (numbered 2018SA2435) on August 16, 2018, alleging disability and age discrimination ("IDHR Charge"). (Doc. 11, pp. 7-8). He withdrew the IDHR Charge and the claim was closed on November 13, 2018 (Doc. 11, p. 10).

On December 14, 2018, the EEOC issued another Notice of Right to Sue indicating that more than 180 days had passed since the filing of the associated Charge numbered 21B-2018-01280 ("1280 Notice") (Doc. 11, p. 13). The Notice further informed Howell that he had 90 days to file a lawsuit pursuant to the ADA and the ADEA. Howell filed the instant lawsuit on March 11, 2019 asserting two counts; age discrimination (Count I) and disability discrimination (Count II).

Local 773 seeks dismissal of Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing this Court lacks subject matter jurisdiction because the Complaint is untimely. In the alternative, Local 773 seeks dismissal of Count I pursuant to Rule 12(b)(6) for failure to state a claim, contending it is not an "employer" under the ADEA.

## **Discussion**

Rule 12(b)(1) requires dismissal if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When a defendant makes a 12(b)(1) challenge, the plaintiff bears the burden of establishing jurisdiction. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-2 (7th Cir. 2012). "[A] district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007). The Court may receive and weigh evidence outside allegations in the Complaint to determine if it has subject matter over the case. *See id.*

Local 773 argues this Court lacks subject matter jurisdiction because the Complaint was filed more than 90 days after Howell received the first Notice of Right to Sue from the EEOC. The filing of a timely charge of discrimination and subsequent lawsuit are not jurisdictional prerequisites – they are like statute of limitations and are subject to equitable considerations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). As such, Local 773's argument that this Court lacks subject matter jurisdiction is not determinative.

Howell's ADA claim is nevertheless subject to dismissal under Rule 12(b)(6).[1] As is true under Rule 12(b)(1), when considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). To state a claim upon which relief can be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true...state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002). However, there is an exception which permits a court to treat as part of the pleadings, documents that are

---

[1] That Local 773 did not invoke Rule 12(b)(6) with respect to the timeliness of this lawsuit is inconsequential.

"referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). Howell's Charge of Discrimination and related documents are central to his claim and will be considered.

Howell alleges his employment was terminated on February 4, 2018. Both the ADEA and the ADA require Howell to file a charge of discrimination within 300 days of the discriminatory act and any subsequent lawsuit must be filed within 90 days of receipt of a Notice of Right to Sue from the EEOC. *See* 29 U.S.C. 626(d)(1)(B) and (e) and 42 U.S.C. §§ 2000e-5(e) and 12117(a) (adopting the exhaustion and filing requirements of Title VII for ADA claims). A Notice of Right to Sue is a prerequisite for filing a lawsuit and claims made in the lawsuit must be within the scope of the Charge of Discrimination filed with the EEOC. *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Howell timely filed a Charge alleging disability discrimination and retaliation. However, he did not file this lawsuit within 90 days of receiving the 2879 Notice. As such, his ADA disability claim is time-barred and will be dismissed

Howell asserted age discrimination for the first time in his Charge of Discrimination filed with the IDHR on August 16, 2018. Local 773 argues that this Charge is untimely because it was filed more than 180 days after February 4, 2018.[2] Local 773 also argues that the Charge associated with the 1280 Notice is identical to the IDHR Charge but has not provided the Court with a copy of that Charge. In any event, the 1280 Notice states that it has been more than 180 days since the filing of "this charge." 180 days prior to December 14, 2018 is February 17, 2018. Therefore, the 1280 Notice cannot refer to the IDHR Charge filed on August 16, 2018. Without a copy of the

---

[2] When Howell's employment was terminated, Illinois law provided that a Charge with the IDHR must be filed within 180 days of the alleged civil rights violation. 775 Ill. Comp. Stat. § 5/7A-102 (2018). That deadline was extended to 300 days on June 8, 2018, prior to when Howell's IDHR Charge was filed. 2018 Ill. Legis. Serv. P.A. 100-588 (H.B. 138 (West). Local 773 argues, without citation to any authority, that the IDHR Charge is subject to the 180 day limitations period and not the 300 day period.

Charge referenced in the 1280 Notice, it is unclear whether Howell failed to exhaust his administrative remedies as to his ADEA claim.

Local 773 argues in the alternative that Howell's ADEA claims must be dismissed because it is not an "employer" within the meaning of the act. To support this argument, it has attached the Affidavit of Cindy Marlow. This affidavit and the information contained therein are not a part of the record and will not be considered within the context of a motion to dismiss. Local 773 may raise this argument in an appropriate motion for summary judgment.

### Conclusion

For the foregoing reasons, the Local 773's Motion to Dismiss (Doc. 9) is **GRANTED in part and DENIED in part**. Count II asserting an ADA claim is **DISMISSED with prejudice**.

 **IT IS SO ORDERED.**

 **DATED:  January 10, 2020**

**STACI M. YANDLE**
**United States District Judge**