IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY HOWELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-289-DWD |
| ) | |
| **LOCAL 773 LABORERS** ) | |
| **INTERNATIONAL UNION OF** ) | |
| **NORTH AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On March 11, 2019, *pro se* Plaintiff Rodney Howell filed suit against Defendant Laborers International Union of North America, Local 773 ("Local 773"). He alleges that his employment with Local 773 was terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* On May 5, 2021, Defendant filed an amended motion for summary judgment on the merits of Howell's claims. (Doc. 40). Plaintiff failed to respond to the motion, and, on June 15, 2021, the Court entered an order and notice directing Plaintiff to respond to Defendant's motion by June 30, 2021. The Court also warned Plaintiff of the consequences of failing to respond to Defendant's motion. The deadline for Plaintiff's response has come and gone, and he has not responded to the motion. Upon review of the motion and for the reasons delineated below, the Court grants Defendant's amended motion for summary judgment.

**FACTUAL BACKGROUND**

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may,

in the Court's discretion, be considered an admission of the merits of the motion. Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here.

Plaintiff Rodney Howell was hired by the Southern & Central Laborers' District Council as an "organizer" in 2010. His position was eliminated in 2011 for funding reasons. At that time, Howell was transferred to Local 773 where he was employed as the only organizer. On August 23, 2016, Kevin Starr, the business manager for Local 773, announced that the organizing department would be shut down due to a lack of funds.

Shortly thereafter, Howell began experiencing medical problems, and he was diagnosed with stage four neck cancer in November 2016. On January 3, 2017, Howell applied for Social Security Disability Insurance (SSDI), claiming that he was permanently unable to work due to neck cancer. He left Local 773's payroll on January 6, 2017. No organizers have been hired since Howell left. In late 2017 and early 2018, Howell explored possibilities for returning to work, but he was told organizer positions were not available due to finances. He did not return to work for Local 773 prior to filing suit in March 2019.

Defendant argues that Howell's ADEA claim must fail because Local 773 is not an employer as defined in the ADEA. The ADEA prohibits employers from "fail[ing] or refus[ing] to hire or … discharge[ing] any individual … because of such individual's age." 29 U.S.C. § 623(a)(1). An employer is defined as a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Defendant's evidence shows that Local 773 has never had twenty or more

employees. This evidence is unrefuted due to Howell's failure to respond to the motion for summary judgment. As such, the Court finds that Defendant is not an employer as defined by the ADEA, and, as a result, Plaintiff's ADEA claim fails as a matter of law.

## Conclusion

For the above-stated reasons, Defendant's amended motion for summary judgment (Doc. 40) is **GRANTED**. The Clerk of Court shall enter judgment in favor of Defendant Local 773 Laborers International Union of North America and against Plaintiff Rodney Hall and shall close this case.

**SO ORDERED.**

Dated: July 29, 2021

_____
DAVID W. DUGAN
United States District Judge